IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LITHOMAS D. GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25CV663 |
| | ) | |
| LUCKETCHIA BOSTON, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lithomas D. Graham, a prisoner of the State of North Carolina, brings a Petition [Doc. #2] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 5, 2010, in the Superior Court of Forsyth County, North Carolina, Petitioner pled guilty to second-degree murder and robbery with a dangerous weapon. (Petition §§ 1-6.) He then received a sentence of 264-326 months of imprisonment. (Id. § 3.) Petitioner did not file any direct appeal. However, in September of 2022, Petitioner filed a Motion for Appropriate Relief (MAR) in the trial court. (Id. § 11.) After the trial court denied the MAR, Petitioner filed a petition seeking a writ of certiorari with the North Carolina Court of Appeals, which dismissed it for a lack of documentation on April 24, 2023. (Respondent's Brief [Doc. #7], Ex. 8.)

Petitioner made no further filings in the state courts, but in February of 2025, he filed a Motion for Compassionate Relief in the United States District Court for the Eastern District of North Carolina. Motions seeking compassionate relief can only be filed in federal courts

by defendants sentenced in the federal courts. Therefore, the Eastern District dismissed the portion of the filing seeking compassionate relief, but otherwise treated it as a Petition under § 2254 and transferred the matter to this District for further proceedings. This Court later dismissed that case without prejudice due to the fact that Petitioner did not use the required forms or clearly set out his federal habeas claims. Graham v. Hodges, 1:25CV235, Docket Entries 13, 14 (M.D.N.C. Sept. 22, 2025) (unpublished). Between the entry of a Recommendation that the first Petition be dismissed and the adoption of the Recommendation without objection, Petitioner filed the instant action correcting those issues. After the Court ordered an answer, Respondent filed a Motion to Dismiss [Doc. #6], Petitioner filed a Response [Doc. #9] and Respondent's Motion to Dismiss is now before the Court.

## Petitioner's Claims

Petitioner raises two grounds for relief in his Petition. The first claim alleges that Petitioner's rights under the Eighth Amendment of the United States Constitution were violated because he is serving more time in prison than he believed he would serve at the time he entered his guilty pleas. His second claim asserts that he received ineffective assistance of counsel because his attorney misled him concerning the total amount of time he would serve.

## Discussion

As stated above, Respondent filed a Motion to Dismiss. The first argument raised in the Motion to Dismiss is that Petitioner's claims were filed outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition

commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Turning first to subparagraph (A), a Petitioner's one-year limitation period ordinarily commences under that provision on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended. Here, Petitioner's judgment was entered on April 5, 2010, and he did not file a direct appeal. Therefore, his conviction became final fourteen days later on April 19, 2010, when his time to file an appeal expired. Gonzalez v. Thaler, 565 U.S. 134, 154 (2012); N.C. R. App. P. 4(a). Petitioner's year to file in this Court under subparagraph (A) began to run on that date and expired a year later in April of 2011. Properly filed attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition

by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner did later pursue relief in the state courts through his MAR, but he did not file it until September of 2022, or more than a decade after the time to file under subparagraph (A) already expired. State filings made after the federal limitations period expires do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Petitioner also filed attempts at receiving executive clemency, but such attempts are not judicial reviews and thus are not applications for collateral review that toll the running of the statute of limitations. Cline v. Ball, No. 1:16cv40-FDW, 2016 WL 3344378, at *3 (W.D.N.C. June 13, 2016) (unpublished), appeal dismissed, 69 F. App'x. 153 (4th Cir. 2016). Petitioner's claims are time barred unless they are timely under another provision.

Petitioner does not make any arguments that subparagraphs (B) or (C) apply to his claims and the claims do not mention any state-created impediment or rely on any new Supreme Court cases. He does state in his Petition and Response that he only learned that he was serving more time than expected shortly before filing his MAR. However, that does not change the fact that the length of Petitioner's sentence was available to him through reasonable diligence at the time his judgment was entered and at all times thereafter. Further, as Respondent points out, Petitioner's petition seeking a writ of certiorari to challenge the denial of his MAR was dismissed by the North Carolina Court of Appeals on April 24, 2023. However, Petitioner did not submit his current Petition until more than a year later when he signed and mailed it on July 17, 2025. Even his filing in the Eastern District, which was treated as a filing under § 2254, was filed in February of 2025, which is also more than a year after the

North Carolina Court of Appeals dismissed the petition seeking certiorari in April 2023. Thus, the Petition is time barred even if the end of Petitioner's state court collateral review process is considered as the starting point for the running of the statute of limitations in federal court. Therefore, even if Petitioner could show that he could not have learned of the length of his sentence for some reason until just before filing his MAR in 2022, his Petition is still time barred under § 2244(d)(1).

Petitioner's argument that he did not know the length of his sentence for more than a decade could also perhaps be an argument in favor of equitable tolling. The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (internal quotation omitted). In addition, in order to demonstrate diligence, the prisoner must show diligence throughout the entire post-conviction process; waiting years to raise claims shows a lack of due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Any equitable tolling argument by Petitioner fails because, to the extent that Petitioner generally points to a lack of knowledge, lack of resources, or restrictions of confinement, his case is like many others, and as noted by other courts:

> Petitioner has failed to demonstrate that equitable tolling applies. Ignorance of the law does not warrant equitable tolling. See generally United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling); Henriquez v. United States, 2012 WL 1564158, *2 (E.D.N.C. May 2, 2012) (prison conditions such as lockdowns, misplacement of legal papers, and access to legal materials typically are not grounds for equitable tolling) (listing cases).

Litchfield v. United States, No. 5:22-cv-147, 2022 WL 17417177 (W.D.N.C. Dec. 5, 2022) (unpublished). In any event, the argument would also fail because, as just discussed, Petitioner failed to file his Petition within a year of the end of his collateral relief attempt in the state courts, since that process ended in April 2023 and his first filing in federal court was over a year later in February 2025. Thus, even if he received equitable tolling up to the point that he filed his MAR in 2022, the Petition is still time barred. He makes no equitable tolling argument regarding the time period following the denial of his certiorari petition.

As a result, Respondent's Motion to Dismiss should be granted.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #6] be granted, that the Petition [Doc. #2] be dismissed, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 14th day of August, 2026.

Joi Elizabeth Peake
United States Magistrate Judge